1  **WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| NATIONAL LABOR RELATIONS BOARD,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>CEMEX, INC.,<br><br>　　　　Defendant. | No. 2:09-cv-2546-PHX-JAT<br><br>**AMENDED ORDER** (amending Order at Doc. # 25) |

　　　　Pending before the Court is National Labor Relations Board's ("NLRB") application pursuant to §11(2) of the National Labor Relations Act, 29 U.S.C. § 161(2) for compliance on the part of CEMEX, Inc. ("CEMEX") with a subpoena duces tecum dated September 4, 2009 (Doc. # 1). The Court held an initial hearing on December 7, 2009. On the basis of the December 7 hearing and the arguments contained in the parties' moving papers, the Court will address in part the issues presented by NLRB's application. The remaining issues will be considered at the January 22, 2010, hearing. In short, in this Order the Court will address CEMEX's request for a protective order and to seal the discovery documents, reserving argument and determination on the remaining issue of whether the Court should enforce the September 4, 2009, subpoena duces tecum.

///

///

# I. BACKGROUND

On June 30, 2009 the NLRB's General Counsel issued and served on CEMEX a Fourth Amended Consolidated Complaint and a notice of hearing charging CEMEX with violating various statutes for, *inter alia*, diverting work from its union-represented employees to its non-unionized workforce and closing two of its unionized facilities. The NLRB contends CEMEX's conduct was undertaken based on its employees' union activities. (Doc. #2). On September 4, 2009, the NLRB issued a subpoena duces tecum to CEMEX's Custodian of Records. (Doc. #2, Ex. A). Upon CEMEX's refusal to produce documents the NLRB took action in this Court on October 5, 2009 for the enforcement of the September 4, 2009 subpoena duces tecum against CEMEX.

# II. CEMEX's REQUEST FOR PROTECTIVE ORDER AND TO SEAL DOCUMENTS

## A. Protective Order Is Granted

CEMEX claims it needs a protective order with regards to Items 23 and 28 because those documents contain competitively and financially sensitive information, and also contain customer information.[1]

"[T]he public can gain access to litigation documents and information produced during discovery unless the party opposing disclosure shows 'good cause' why a protective order is necessary." *Phillips v. General Motors Corp.*, 307 F.3d 1206, 1210 (9th Cir. 2002). The district court is allowed to override the presumption of public access where "good cause" is shown. FED.R.CIV.P. 26(c); *Phillips*, 307 F.3d at 1210. "For good cause to exist, the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted." *Phillips*, 307 F.3d at 1210-11. "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning do not satisfy the Rule 26(c) test." *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9 Cir. 1992) (quotation

---

[1]The ALJ found good cause for granting a protective order regarding the profit/loss statements and the customer information as to Item 23; however, denied the request to seal the documents.

- 2 -

omitted). The Court will balance the public and private interests to decide if a protective order is necessary if particularized harm is found. *Phillips*, 307 F.3d at 1211.

CEMEX has a substantial interest in protecting the confidentiality of their customer lists and profit/loss statements from the general public, and more specifically, their competitors and potential competitors. If this information were allowed to be public, CEMEX could suffer considerable harm with competitors potentially undercutting CEMEX's prices to all of their customers with very little effort. Some of the harmful information requested would include customer name, volume bought, price, and place of delivery. Furthermore, CEMEX claims if the information was public, labor unions would use it to bargain against CEMEX. Accordingly, CEMEX has provided specific examples and articulated reasoning as to why there would be harm absent a protective order.

CEMEX's showing of good cause is stronger when balanced against the public's interest to documents during the discovery process. The right to inspect and copy judicial records is generally "justified by the interest of citizens in keeping a watchful eye on the workings of public agencies" and "understanding the judicial process." *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (citations and quotations omitted). However, "[t]he public has less of a need for access to court records attached only to non-dispositive motions because those documents are often 'unrelated, or only tangentially related, to the underlying cause of action.'" *Id*. at 1179 (quotation omitted).

Therefore, given CEMEX's considerable need for protection of commercially sensitive information and the public's relatively low need for access to documents produced during discovery, the balance weighs in favor of issuing a protective order as to Item 23 and 28. It is important to note that the documents produced during discovery might never make it onto any type of dispositive motion, or be admitted into evidence at trial.

**B. Sealing Documents is Premature**

**1. In General**

CEMEX argues that they need the additional protection of having the documents sealed. However, this Court disagrees, and finds that putting the documents under seal would

be premature. *See, e.g.*, LRCiv 5.6 ("The Court generally will not enter an order that gives advance authorization to file documents under seal that are designated . . . under a protective order or confidentiality agreement."). Since the case is still in the discovery stages, many of the documents produced will be "unrelated, or only tangentially related, to the underlying cause of action." *Kamakana*, 447 F.3d at 1179. "Materials unearthed during discovery . . ." are private and not a part of the judicial record, which are "public documents almost by definition, and the public is entitled to access by default." *Id*. at 1180 (citation omitted). Therefore, sealing documents that are already subject to a protective order at the discovery stage is unnecessary.

If the court were to add the additional protection of a seal, "'once the [sealed discovery] documents [were] made part of a dispositive motion [e.g., a summary judgment motion ruled upon by the court] . . . they [would] lose their status of being raw fruits of discovery,' and no longer enjoy protected status 'without some overriding interests in favor of keeping the discovery documents under seal.'" *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1136 (9th Cir. 2003) (quotation omitted). After losing status as a sealed document, in order to keep it sealed when attached to a dispositive motion or when admitted to the trial record, it will have to meet the "compelling reasons" standard. *Kamakana*, 447 F.3d at 1179. Without more, a "good cause" showing will not satisfy the "compelling reasons" test. *Id*. at 1180. Because this Court finds sealing the discovery documents premature, it does not address whether CEMEX has "compelling reasons" for protection under seal.

### 2. Freedom of Information Act ("FOIA")

CEMEX also argues that additional protection above a protective order is needed because the information is subject to the FOIA. (Doc. #7 at 9). CEMEX claims not having the documents sealed would leave open the possibility that the unions or any competitor could request the information, essentially eviscerating the protection of the confidential information. *Id*. The NLRB argues that an FOIA request for documents is too speculative and an insufficient reason to seal the documents. (Doc. #10 at 6).

This Court agrees with the NLRB that the *potential* for an FOIA request is insufficient to require the sealing of the documents. There is no guarantee that an FOIA request will be encountered in the present case. Furthermore, the "FOIA provisions offer sufficient protection for [CEMEX] during the period . . . which charging parties may seek information from their files." *E.E.O.C. v. AON Consulting, Inc.*, 149 F.Supp.2d 601, 609 (S.D. Ind. 2001). CEMEX is required to receive notice of such requests for commercially sensitive information so that they have an opportunity to object to its disclosure. *See* 5 U.S.C. § 552(b)(4); 29 C.F.R. § 1610.19; *AON Consulting*, 149 F.Supp.2d at 609. In addition to the notice requirement, the protective order language requires the NLRB to return the documents fifteen (15) days after the close of the record.

Therefore, for the reasons stated above, the Court denies CEMEX's request to seal the documents.

### III. JOINT DOCUMENT AND PRODUCTION COSTS STATEMENT

The Court will set argument on the remaining issue for January 22, 2010, at 1:30 PM. The Court will not revisit the protective order and sealing issues.

The parties shall jointly prepare and file by January 15, 2010, a statement of each of NLRB's requests currently before the Court, organized as follows:

1. A description of the item or category of items requested and rationale and anticipated need for the item(s).

    A. The objection or objections by defendant to the request and rationale for each objection. If the objection includes length of time needed to respond to the request, or additional cost incurred in responding to the request (in the event the Court decides to shift the burden of cost to the NLRB), the respondent shall specify how much time or cost is anticipated.

    B. If the respondent proposes an alternative source of the information sought, then Plaintiff shall specify in detail why the alternative is unacceptable and will not substantially suffice for the purpose requested.

2. Next item, etc.

Accordingly,

**IT IS ORDERED** that National Labor Relations Board's application pursuant to §11(2) of the National Labor Relations Act (Doc. # 1) is granted in part, denied in part, and Ordered to remain pending for further resolution at the January 22, 2010, hearing.

**IT IS FURTHER ORDERED** that CEMEX's Motion for Leave to File Sur-Reply (Doc. # 14) is denied.

**IT IS FURTHER ORDERED** setting oral argument on the remaining issues as discussed above for January 22, 2010, at 1:30 PM in Courtroom 503, 401 West Washington Street, Phoenix, AZ 85003. To assist the court reporter, the parties shall prepare and bring to the oral argument a Table of Authorities, in alphabetical order, which includes all of the authorities on which the parties will rely at oral argument. The Table of Authorities shall not exceed the scope of the parties pleadings.

**IT IS FURTHER ORDERED** that the parties shall jointly prepare and file the document above referenced on or before January 15, 2010.

The Court enters the following with respect to the Protective Order discussed above:

**IT IS ORDERED** that documents produced by CEMEX to Counsel for General Counsel that are marked "Confidential" shall only be disclosed to the ALJ and the court reporter, Counsel for General Counsel and its staff, and witnesses who are under oath and actually testifying about such Confidential Information in the underlying proceeding. Confidential Information produced by CEMEX shall be secured and maintained by Counsel for General Counsel in a manner so as to avoid disclosure of its contents to any persons not identified herein. All witnesses who are shown such Confidential Information during their testimony are hereby ordered to maintain such information in confidence and to not disclose the contents of such Confidential Information outside their testimony in this proceeding.

**IT IS FURTHER ORDERED** that Confidential Information introduced in these proceedings shall not be disclosed to or discussed with the Charging Party Unions or their agents or representatives. Specifically, Counsel for General Counsel and witnesses in these proceedings are hereby precluded from disclosing Confidential Information to or discussing

1 Confidential Information with the Charging Party Unions, their agents or their
2 representatives. Further, the Charging Party Unions and any competitors shall be excluded
3 from the hearing at times when the Confidential Information is being discussed.

**IT IS FINALLY ORDERED** that this Order will continue to be binding throughout and after the final disposition of this action. All Confidential Information shall be used only for the prosecution and/or defense of this action. Within fifteen days (15) after the close of the record, Counsel for General Counsel shall return all Confidential Information and any copies thereof (including summaries and excerpts) to CEMEX's Counsel.

Amended *nunc pro tunc* effective 21st day of December, 2009.

DATED this 1st day of February, 2010.

James A. Teilborg
United States District Judge