**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| NATIONAL LABOR RELATIONS BOARD,<br><br>    Applicant,<br><br>vs.<br><br>CEMEX, INC.,<br><br>    Respondent. | No. 2:09-cv-2546-PHX-JAT<br><br>**ORDER** |

Pending before the Court is Respondent CEMEX, Inc.'s Motion to Confirm Validity of the Court's Protective Order (Doc. 45). For the reasons that follow, the Court denies CEMEX's motion.

On June 30, 2009, the National Labor Relation Board's ("NLRB") General Counsel issued and served on CEMEX a Fourth Amended Consolidated Complaint and a notice of hearing charging CEMEX with violating various statutes for, *inter alia*, diverting work from its union-represented employees to its non-unionized workforce and closing two of its unionized facilities. On September 4, 2009, the NLRB issued a subpoena duces tecum to CEMEX's Custodian of Records. Upon CEMEX's refusal to produce documents the NLRB took action in this Court on October 5, 2009 for the enforcement of the September 4, 2009 subpoena duces tecum against CEMEX. On February 1, 2010, this Court entered an Amended Order granting CEMEX's request for a protective order as to Items 23 and 28 of

1 the September 4 subpoena, which related to competitively and financially sensitive information and customer information. During a January 22, 2010 hearing, the Court denied the majority of the NLRB's requests relating to the September 4 subpoena.[1]

On July 6, 2010, the NLRB issued a new subpoena in order to cure the defects contained in the September 4 subpoena as outlined during the January 22 hearing. CEMEX now urges this Court to apply language contained in the February 1 Order to limit the July 6 subpoena.

The NLRB argues that this Court lacks subject matter jurisdiction to consider CEMEX's request. The Court agrees. Congress vested the ability to enforce or otherwise initiate actions involving the NLRB subpoenas solely with the NLRB. 29 U.S.C. § 161(2). CEMEX is given the ability to oppose any subpoena issued by the NLRB. However, as was the case with the initial September 4 subpoena, CEMEX must await the NLRB's decision to seek enforcement of the subpoena. CEMEX is not free to initiate a proceeding in this Court relating to a subpoena issued by the NLRB. While such a procedural framework may not be ideal or always necessarily efficient, the Court is bound by this framework as established by Congress.

Moreover, it appears that CEMEX has also failed to exhaust its administrative remedies. Based upon the record currently before the Court, it does not appear that CEMEX attempted to seek special leave to appeal to the NLRB, a procedure expressly provided for under the NLRB's Rules and Regulations. 29 C.F.R. § 102.26.

In any event, even if the Court properly has subject matter jurisdiction and CEMEX properly exhausted its administrative remedies, the Court disagrees with CEMEX's interpretation of the Court's February 1 Order. The Court granted the protective order with regards to Items 23 and 28 of the September 4 subpoena. The Court did not make any general sweeping statements that the February 1 Order applied to all future subpoenas, or any

---

[1] For a review of the Court's particular orders regarding the September 4 subpoena, see Doc. 33.

1 and all information that might be considered as competitively and financially sensitive
2 information. While the Court did state that its February 1 Order "will continue to be binding
3 throughout and after the final disposition of this action," (Doc. 32 at p. 7) it is clear from the
4 context of the Order that the Court was referring to those documents produced under Items
5 23 and 28 of the September 4 subpoena–not all possible future subpoenas that might be
6 issued in the case. As such, the Court finds that the protective order issued as part of the
7 February 1 Order is only applicable to the September 4 subpoena, and not all future
8 subpoenas that might arise during the course of this case.

Accordingly,

**IT IS ORDERED** that Respondent CEMEX, Inc.'s Motion to Confirm Validity of the Court's Protective Order (Doc. 45) is denied.

DATED this 3rd day of September, 2010.

James A. Teilborg
United States District Judge